UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bret Lyn May and Tina Louise May, individually and on behalf of classes of similarly situated individuals,

        Plaintiffs,

v.

Nation Safe Drivers, Inc., a Florida corporation; Nation Safe Drivers, LLC, a Florida corporation; NSD Group, LLC, a Florida corporation; National Adjustment Bureau, Inc., a Florida corporation; HSBC Finance Corporation, a Delaware corporation; and Mullins Pine City Chrysler Dodge, a Minnesota corporation,

        Defendants.

Civil No. 10-2577 (DWF/LIB)

**MEMORANDUM OPINION AND ORDER**

---

Curtis P. Zaun, Esq., Educational Credit Mgmt. Corp.; Eric N. Linsk, Esq., and Robert K. Shelquist, Esq., Lockridge Grindal Nauen, PLLP; Gregory N. McEwen, Esq., McEwen Law Firm, Ltd.; Nathan H. Bjerke, Esq., and Robert W. Roe, Esq., Champion Law LLC; and Thomas A. Foster, Esq., Thomas A. Foster & Associates, Ltd., counsel for Plaintiffs.

Sten-Erik Hoidal, Esq., and Todd A. Wind, Esq., Fredrikson & Byron, PA, counsel for Defendants National Safe Drivers, Inc.; Nation Safe Drivers, LLC; NSD Group, LLC; and National Adjustment Bureau, Inc.

Chad A. Snyder, Esq., Snyder Gislason Frasier LLC; and Jeffrey D. Pilgrim, Esq., and Karen A. Kawashima, Esq., Grady Pilgrim Christakis Bell LLP, counsel for Defendant HSBC Finance Corporation.

---

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss brought by Defendants Nation Safe Drivers, Inc., Nation Safe Drivers, LLC, NSD Group, LLC, and National Adjustment Bureau, Inc., and a separate Motion to Dismiss brought by Defendant HSBC Finance Corporation. For the reasons set forth below, the motions are granted in part and denied in part. The matter is remanded back to Chisago County District Court for further proceedings.

**BACKGROUND**

This case centers on Plaintiffs' allegations that Defendants failed to provide benefits under so-called "gap protection" insurance plans that were sold to vehicle purchasers.

The Complaint alleges that on May 1, 2006, Plaintiffs entered into a Retail Installment Contract and Security Agreement (the "Agreement") with Defendants Mullins Pine City Chrysler Dodge ("Mullins"), Nation Safe Drivers, Inc. ("NSD"), and HSBC to purchase a 2006 Dodge Durango. (Compl. ¶ 34, Ex. A.) The Complaint identifies Defendant NSD as a "gap administrator." (*Id*. ¶ 24.) Plaintiffs contend that "Mullins, through its agency relationship with Defendants NSD and HSBC, offered, solicited, promoted, and induced its customers to purchase gap coverage from NSD." (*Id*. ¶ 35.) Generally, gap insurance coverage protects the purchaser against the risk of loss if the vehicle is in an accident, resulting in a total loss, when the purchaser still owes the lender more than the vehicle's fair market value. (Compl. ¶¶ 9-12, 19.)

Plaintiffs paid $9,000 down and borrowed $30,343.37 to purchase the Dodge Durango. (*Id*. ¶ 36; Ex. A.) At the time of the sale, Plaintiffs elected to purchase gap insurance coverage. Specifically, the amount financed included $599 for "NSD GAP." (*Id*.) The gap coverage was detailed in a GAP Installment Sale Contract/Loan/Lease Agreement Addendum (the "Addendum") that stated, "In the event of a CONSTRUCTIVE TOTAL LOSS to the financed COLLATERAL, WE agree to WAIVE our rights against YOU for the amount due under a PAYABLE LOSS." (Compl. ¶ 41, Ex. B) (emphasis in original).) The Addendum lists Mullins as the "Dealer," HSBC as the "Lending/Leasing Institution," and NSD as the "Program Administrator." (Compl. Ex. B.)

As part of the transaction, Plaintiffs also signed a Credit Application. (Doc. No. 28.)[1] The second page of the Credit Application stated: "I/we agree to give up any right I/we may have to bring a class action lawsuit or class arbitration, or to participate in either as a claimant. . . ." (*Id*. at 2 ¶ 3.)

Plaintiffs allege that on March 13, 2008, Tina May was involved in an accident that resulted in a total loss of the Dodge Durango. (Compl. ¶ 48.) The Complaint asserts

---

[1] A court may consider some information that is not contained within a complaint--such as materials that are part of the public record, and materials that are necessarily embraced by the pleadings--without transforming a motion to dismiss into one for summary judgment. *See Enervations, Inc. v. Minn. Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court finds that the Credit Application is properly considered at this time, as the Credit Application gave rise to the transaction that forms the basis of the Complaint. The Court notes that this document was initially submitted merely as an "Exhibit" with no accompanying foundational affidavit (Doc. No. 21), and the Court requested that HSBC re-submit it with an affidavit for citation purposes.

3

that at the time of the accident, the loan payoff amount to HSBC for the vehicle was $23,949.72. (*Id.* ¶ 50.) However, Plaintiffs' insurer agreed to pay $13,863.13—the actual cash value of the vehicle, plus motor vehicle department fees, less Plaintiffs' $500 deductible. (*Id.* ¶¶ 49, 58.) Thus, the Complaint alleges that Plaintiffs had a $10,086.59 "gap" that was not covered by insurance.

Plaintiffs assert that although they sent the required documents to NSD to activate their gap protection, NSD refused to honor the terms of the gap contract. (*Id.* ¶¶ 53-57.) Plaintiffs further allege that HSBC ignored their gap protection and continued to contact Plaintiffs to demand payment on the loan balance. (*Id.* ¶¶ 58-62.) Ultimately, Plaintiffs assert that HSBC referred the matter to collection agencies that made continued demands that Plaintiffs pay the debt. (*Id.* ¶¶ 63-70.)

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

The Complaint (Doc. 1-1) asserts six counts: (1) breach of contract; (2) conversion; (3) violation of Minnesota Deceptive Trade Practices Act; (4) violation of Minnesota Consumer Fraud Act; (5) violation of Minnesota Motor Vehicle Retail Installment Contract Act; and (6) violation of 12 C.F.R. parts 37.3-37.8 regarding debt cancellation contracts. The matter was initially filed in Chisago County District Court and removed here on the basis of federal question jurisdiction of the class claims and Count 6. (Doc. No. 1.)

## I. Class Action Waiver

As a preliminary matter, HSBC asserts that this Court should strike Plaintiffs' class allegations and class claims because Plaintiffs waived their right to bring or participate in a class action against HSBC. Specifically, HSBC points to the language in the Credit Application whereby Plaintiffs "agree[d] to give up any right [they] may have

5

to bring a class-action lawsuit or class arbitration, or to participate in either as a claimant. . . ." (Siman Aff. (Doc. No. 28) ¶ 2, Ex. A at 3.) HSBC points to Eighth Circuit precedent upholding class action waivers like the one at issue here—namely, *Cicle v. ChaseBank USA*, 583 F.3d 549, 556 (8th Cir. 2009) and *Pleasants v. American Express Co.*, 541 F.3d 853, 859 (8th Cir. 2008).

Plaintiffs counter on several grounds. First, Plaintiffs assert that motions to strike are viewed with disfavor and infrequently granted. Second, Plaintiffs contend that the motion to strike is premature because the motion for class certification stage is the more appropriate time to deal with arguments regarding class certification. Third, Plaintiffs allege that the Credit Application is outside the pleadings and should not be considered by the Court on a motion to dismiss. Fourth, Plaintiffs assert that the Credit Application is unconscionable and unenforceable.

Based on the Credit Application, the Court finds that HSBC's motion to strike the class allegations is timely. HSBC is correct in pointing out that Federal Rule of Civil Procedure 23(c) allows the Court to consider if a class action can be maintained "[a]t an early practicable time" after a person sues. And because Plaintiffs contractually waived their right to bring or participate in a class action, the Court need not allow unnecessary, costly class discovery prior to dismissing the class claims.

Plaintiffs' claims of unconscionability and unenforceability are unfounded. In their responsive brief, Plaintiffs contend that because the waiver language is on a DaimlerChrysler form, it does not apply to Defendants here. But the document notes that Plaintiffs agreed to authorize "Dealer, DaimlerChrysler Financial Services Americas LLC

("Chrysler Financial"), DCFS Trust and any finance company, bank, or other financial institution to which the Dealer or Chrysler Financial submits [the] application" to investigate Plaintiffs' credit. (*Id*. at 2.) Thus, the document and the agreement to waive the class action embraces Defendants here.

Finally, the Court finds that the class action waiver is enforceable. Page 1 of the Credit Application, just above Plaintiffs' signatures, specifically notes that "IN EXCHANGE FOR YOUR TIME, EFFORT, AND EXPENSE IN REVIEWING MY APPLICATION AND FOR OTHER VALUABLE CONSIDERATION, WHICH IS HEREBY ACKNOWLEDGED" Plaintiffs "AGREE TO ALL THE TERMS OF THE IMPORTANT CONTRACT OF ARBITRATION CONTAINED ON THE REVERSE SIDE OF THIS APPLICATION FORM AND ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND ALL OF ITS TERMS." (Doc. 28 ¶ 2, Ex. A at 2 (emphasis in original).) The language of the class action waiver is set forth in plain language and in the same font size as the other text of the application. Nothing about the conspicuous waiver leads the Court to find it unconscionable. *See, e.g., Green v. SuperShuttle Int'l, Inc.,* 2010 WL 3702592, at *1 (D. Minn. Sept. 13, 2010) (upholding arbitration agreement and class waiver where plain language of waiver was printed in same-sized text as other provisions of agreement and did not waive plaintiffs' right to pursue their claims against the defendants on an individual basis). As such, the Court finds it appropriate to strike Plaintiffs' class allegations. Plaintiffs, however, may still pursue their claims on an individual basis.

## II. Claims brought pursuant to 12 C.F.R. §§ 37.3-37.8

The Complaint further alleges that Defendants violated certain banking regulations prescribed by the National Bank Act—namely, 12 C.F.R. §§ 37.3-37.8—by misrepresenting to the Mays that HSBC would waive any gap resulting from a payable loss. Defendants assert that these regulations do not appropriately apply to any of the Defendants because none of the Defendants are a "national bank" or an operating subsidiary of a national bank. Moreover, Defendants contend that even if any of the Defendants were a national bank, Plaintiffs do not have a private right of action for alleged violations of these regulations.

Plaintiffs offer no support for their theory of an implied private right of action under these regulations. Thus, even if the Court were to find that the Defendants here were national banks, which the Court does not, the Plaintiffs cannot demonstrate that there is a private cause of action under the regulations at issue. As such, Plaintiffs' claim brought pursuant to these regulations is dismissed.

## III. Supplemental Jurisdiction over Remaining Claims

Under 28 U.S.C. § 1367(a), a federal court may assert supplemental jurisdiction over state claims when a federal claim is properly before the court. However, when all federal claims have been dismissed, the court has discretion to dismiss the remaining state claims. *See* 28 U.S.C. § 1367(c)(3); *Willman v. Heartland Hosp. E.*, 34 F.3d 605, 613 (8th Cir. 1994). Section 1367(c)(3) specifically states that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." The Court's discretion as to whether to

exercise jurisdiction over these remaining claims should be informed by principles of judicial economy, convenience, fairness, and comity. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court has granted Defendants' Motions to Dismiss on Plaintiffs' federal claims, and only Plaintiffs' state law claims remain. Absent the class allegations and the untenable allegations of Count 6, the remaining claims amount to a minimal amount in controversy, and principles of judicial economy do not support keeping the matter in federal court. As such, the Court determines that it will not exercise its supplemental jurisdiction in this instance and that the remaining claims stated in the Complaint are remanded to Chisago County District Court, where the Complaint originated.

Therefore, **IT IS HEREBY ORDERED** that:

1. The Motion to Dismiss brought by HSBC (Doc. No. [10]) is **GRANTED** as to its motion to strike the class claims and allegations and its motion to dismiss Count 6.

2. The Motion to Dismiss brought by Nation Safe Drivers, Inc., Nation Safe Drivers, LLC, NSD Group, LLC, and National Adjustment Bureau (Doc. No. [13]) is **GRANTED** as to Count 6.

3. The class claims and allegations and Count 6 are **DISMISSED WITH PREJUDICE**.

4. The matter is **REMANDED** to Chisago County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 22, 2010          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge